**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000427
22-DEC-2017
09:33 AM**

NO. CAAP-15-0000427

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

AMERICAN ESTATE AND TRUST LC, Trustees, FBO,
Plaintiff-Appellee,
v.
LOVEY MAE SCOTT, Defendant-Appellant,
and
ROBERT JAMES SCOTT; JANET KUUIPO SCOTT; HAWAIIAN PARADISE PARK
OWNERS ASSOCIATION; JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-15;
DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-0628)

SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Lovey Mae Scott (Scott), *pro se*, appeals from 1) the December 11, 2014 judgment pursuant to the "Order Granting Plaintiff's Motion for Order Confirming Foreclosure Sale, Allowance of Costs, Commissions, Fees, Directing Conveyance and for Writ of Possession Filed September 5, 2014" (Order Confirming Sale), and 2) the April 28, 2015 "Order Denying Defendant Lovey May Scott Notice of Non Hearing Motion to Allow Plaintiff Time to Respond to Defendant Lovey Mae Scott Ex Parte Motion to Relief/Vacate Plaintiff's Motion for Order Confirming Foreclosure Sale Allowance of Costs, Commissions, Fees, Directing Conveyance and for Writ of

Possession Filed September 5, 2014; and Judgment, Filed December 11, 2014 Filed on January 5, 2015" (4/28/15 Order), both entered in favor of Plaintiff-Appellee American Estate & Trust, LC, Trustees, FBO (American Estate) in the Circuit Court of the Third Circuit (circuit court).[1] Scott also attempts to appeal from the September 26, 2013 judgment pursuant to the "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Default and/or Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed August 2, 2013" (Order Granting MSJ/Decree of Foreclosure), however, we lack appellate jurisdiction to review the Order Granting MSJ/Decree of Foreclosure because Scott failed to file a timely notice of appeal pursuant to Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure.

On appeal, Scott appears to contend that the circuit court erred in entering both (1) the judgment pursuant to the Order Confirming Sale and (2) the 4/28/15 Order, because i) Scott had not received proper notice of American Estate's "Motion for Default and/or Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure" (MSJ), and ii) American Estate lacked standing to foreclose.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Scott's points of error as follows, and affirm.

(1)   Order Confirming Sale

i)   Notice of MSJ

In her Opening Brief, Scott contends that she filed her October 10, 2014 motion (10/10/14 Motion) in order "to object [to] the confirmation, based on lack of notice on the summary judgment." However, this contention is untrue, as Scott did not raise the allegation that she had not received proper notice of American Estate's MSJ until November 19, 2014 in her "Motion to

---

[1]     The Honorable Greg K. Nakamura presided.

2

Deny" American Estate's proposed order granting the motion to confirm the sale (Motion to Confirm Sale) and judgment. Scott also had not raised this allegation at the October 30, 2014 hearing on the Motion to Confirm Sale. It was only after the circuit court had orally granted the Motion to Confirm Sale and American Estate had submitted its proposed order granting the Motion to Confirm Sale that Scott alleged for the first time that she had not received notice of the MSJ.

### ii) Standing

Scott's 10/10/2014 Motion, which was filed in opposition to American Estate's Motion to Confirm Sale, also challenges American Estate's standing to foreclose her mortgage. However, we conclude that, pursuant to <u>Mortgage Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawai'i 11, 304 P.3d 1192 (2013), the *res judicata* effect of the judgment pursuant to the Order Granting MSJ/Decree of Foreclosure bars Scott's request for relief in this appeal. In <u>Wise</u>, the supreme court held that the doctrine of *res judicata* precludes foreclosure defendants from raising defenses at the confirmation of the sale of the subject property that could have been raised in the earlier foreclosure proceedings. <u>Id.</u> at 17-18, 304 P.3d at 1198-99. Although American Estate did not raise the issue of *res judicata* in its reply to Scott's 10/10/2014 Motion, <u>Wise</u> specifically states that the preclusive effect of this doctrine can be raised for the first time on appeal. <u>Id.</u> at 18, 304 P.3d at 1199. American Estates asserts *res judicata* under <u>Wise</u> in its answering brief.

### (2) 4/28/15 Order

On December 22, 2014, Scott filed a motion requesting that the circuit court vacate the Order Granting MSJ/Decree of Foreclosure, the Order Confirming Sale, and both underlying judgments, on the grounds that i) Scott had not received proper notice of the MSJ, and ii) American Estate never had standing to foreclose the subject mortgage (12/22/14 Motion).

On January 5, 2015, Scott filed a motion to have the circuit court allow American Estate time to respond to Scott's 12/22/14 Motion (1/5/15 Motion). The circuit court subsequently

denied the 1/5/15 Motion in the 4/28/15 Order. The record does not indicate that the 12/22/14 Motion was adjudicated.

Scott now appeals the circuit court's 4/28/15 Order. However, Scott fails to state any alleged error committed by the circuit court in entering the 4/28/15 Order. See Asato v. Procurement Policy Bd., 132 Hawai'i 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) ("However, these are not truly 'points of error' inasmuch as they do not state an 'alleged error committed by the court[.]' Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(i)."). Regardless, we conclude that Scott's primary arguments on appeal, regarding the notice and standing issues discussed above, are irrelevant to the 4/28/15 Order and the 1/5/15 Motion.

Based on the foregoing, we affirm the circuit court's December 11, 2014 judgment pursuant to the "Order Granting Plaintiff's Motion for Order Confirming Foreclosure Sale, Allowance of Costs, Commissions, Fees, Directing Conveyance and for Writ of Possession Filed September 5, 2014" and the April 28, 2015 "Order Denying Defendant Lovey May Scott Notice of Non Hearing Motion to Allow Plaintiff Time to Respond to Defendant Lovey Mae Scott Ex Parte Motion to Relief/Vacate Plaintiff's Motion for Order Confirming Foreclosure Sale Allowance of Costs, Commissions, Fees, Directing Conveyance and for Writ of Possession Filed September 5, 2014; and Judgment, Filed December 11, 2014 Filed on January 5, 2015."

DATED: Honolulu, Hawai'i, December 22, 2017.

On the briefs:

Lovey Mae Scott,
Defendant-Appellant.

Charles R. Prather,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4